IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Honeywell International Inc. Consolidated Stockholder Litigation | Master Docket No. 19-898-CFC |

## MEMORANDUM ORDER

This consolidated action comprises three stockholder derivative actions asserting claims against officers and directors of Honeywell International Inc. (Honeywell).  For the reasons set forth below, I will dismiss the consolidated action with prejudice.

In 2018 and 2019, two securities class actions were filed against Honeywell and two of its officers in the United States District Court for the District of New Jersey (the Securities Class Actions).  Honeywell moved to dismiss the first of the Securities Class Actions, which the parties call the *Kanefsky* Action, and the plaintiff in the second Securities Class Action moved to consolidate it with the first.  (D.I. 41 at 2-3)

On May 14, 2019, Steven R. Nusbaum filed a stockholder derivative complaint (D.I. 2) on behalf of Nominal Defendant Honeywell against certain of its officers and directors (the Individual Defendants).  Nusbaum alleged that the Individual Defendants had violated Section 10(b) of the Securities Exchange Act of

1934, breached their fiduciary duties, and wasted corporate assets in connection with the events giving rise to the Securities Class Actions. In an attempt to satisfy Federal Rule of Civil Procedure 23.1, Nusbaum further alleged that a pre-suit demand on Honeywell's board of directors was excused as futile. Nusbaum and the Defendants stipulated to stay the case pending a decision on Honeywell's motion to dismiss the *Kanefsky* Action. (D.I. 41 at 2-3)

On May 18, 2020, the United States District Court for the District of New Jersey denied the motion to dismiss the *Kanefsky* Action and on June 2, 2020, I approved a stipulation setting a schedule for the filing of an amended complaint and a responsive pleading or motion by Defendants. (D.I. 42)

On June 15, 2020, Nusbaum filed an amended complaint. (D.I. 44) Also on June 15, 2020, Sandra Osborne filed a stockholder derivative complaint on behalf of Honeywell against the Individual Defendants. Osborne made allegations similar to Nusbaum's allegations, and she similarly alleged that a pre-suit demand was futile.

On June 23, 2020, Nusbaum, Osborne and Defendants proposed a stipulated order consolidating their actions for pretrial purposes (the Consolidation Order) and I approved it. The Consolidation Order provided that the firms Rigrodsky & Long, P.A. and The Rosen Law Firm, P.A. would serve as Co-Lead Counsel for plaintiffs, with "the sole authority to speak for plaintiffs in all matters regarding

pre-trial procedure …," and that "Plaintiffs w[ould] file a consolidated complaint
or designate one of the complaints already filed … as the operative complaint."
(D.I. 46 ¶10)  The Consolidation Order also provided that in the event "any
subsequent stockholder derivative action arising out of the same or substantially
the same facts or events" came before this Court, it would be consolidated with this
action and subject to the terms of the Consolidation Order.  (D.I. 46 ¶9)  Plaintiffs
thereafter designated Nusbaum's amended complaint as the operative complaint in
this consolidated action.  (D.I. 48 at 1)  The operative complaint asserted derivative
claims on behalf of Honeywell, alleging that the Individual Defendants had
violated Section 10(b) of the Securities Exchange Act of 1934, breached their
fiduciary duties, and wasted corporate assets.  (D.I. 47)  The operative complaint
alleged that a pre-suit demand on Honeywell's board of directors to pursue the
asserted claims was excused as futile.

On September 3, 2020, the parties submitted a stipulation and proposed
order staying this case until the resolution of the *Kanefsky* Action, and I approved
it.  (D.I. 49)

On October 2, 2020, Donald Dempster filed a stockholder derivative action
on behalf of Honeywell against the Individual Defendants (the *Dempster* Action).
*Dempster v. Adamczyk*, Case No. 1:20-cv-01340 (D. Del.), (D.I. 1).  Dempster
asserted claims similar to those asserted by Nusbaum and Osborne.  However,

Dempster's approach to satisfying Rule 23.1 was different.  Dempster alleged that

he had made pre-suit demand on Honeywell's board to sue the Individual

Defendants, and that Honeywell's board had wrongfully rejected the demand.

On November 20, 2020, Defendants filed a Notice of Related Action and

Consolidation on the docket in the *Dempster* Action, and pursuant to the terms of

the Consolidation Order, I consolidated the *Dempster* Action into this consolidated

action. *Dempster v. Adamczyk*, Case No. 1:20-cv-01340 (D. Del.), D.I. 21, 22.

Dempster never objected to that consolidation, or to the application of the

Consolidation Order to his case.  Dempster never disputed Co-Lead Counsel's

authority under the Consolidation Order; nor did he contend that the complaint that

had been designated as the operative complaint should not be the operative

complaint or should be amended in some way.  And Dempster never sought to lift

the stay.

Eighteen months later, on May 3, 2022, the court in the *Kanefsky* Action

entered a final judgment and order of dismissal effectuating a settlement.  The stay

of this case was lifted by its terms.

On June 22, 2022, Nusbaum, Osborne and the Defendants submitted a joint

status report setting a briefing schedule for a motion to dismiss the operative

complaint.  The status report stated that "[b]ecause the *Dempster* Action is a

demand-refused case, plaintiff's counsel in that action will make a separate

submission to the Court regarding how they propose to proceed with regard to their claim." (D.I. 53 at 3)  Dempster never made such a submission.

On August 8, 2022, Defendants moved to dismiss the operative complaint and filed an opening brief in support of their motion. (D.I. 55-58)  Despite obtaining two extensions of the due date, Plaintiffs never filed an answering brief in opposition to the motion to dismiss.  Instead, on November 1, 2022, Plaintiffs filed a purported notice of voluntary dismissal of the consolidated action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (D.I. 68 at 1)  On November 4, 2022, Defendants filed a reply brief arguing that their motion to dismiss should be considered unopposed and the consolidated action should be dismissed with prejudice. (D.I. 69)

On November 9, 2022, Dempster made his first appearance on the docket in the consolidated action, filing a letter proposing that any dismissal be with prejudice only as to Nusbaum and Osborne and "the demand futility issue," and that his action should continue separately. (D.I. 71 at 3)  On November 18, 2022, because I inferred from Defendants' silence that Dempster's proposal was unopposed, I ordered Dempster to submit a proposed form of order along the lines proposed in his letter.  Later that day, Defendants filed a letter arguing that the *Dempster* Action should be included in any dismissal because Dempster had never challenged the application of the Consolidation Order to his case and because he

had failed to prosecute his claims for more than two years.  (D.I. 73)  On

November 22, 2022, Dempster filed a letter responding to Defendants' letter and

submitting a proposed form of order dismissing "[t]he Consolidated Action

(excluding the *Dempster* Action)...."  (D.I. 74)

This is my ruling on the issues raised by the parties' letters and Defendants'

motion to dismiss.

First, there is no good reason to de-consolidate the *Dempster* Action.  I

consolidated the *Dempster* Action into this consolidated action pursuant to the

terms of the Consolidation Order, which were not unusual. Dempster never

opposed this consolidation, and never challenged the application of the

Consolidation Order to his case even though he now argues that his different theory

for satisfying Rule 23.1 provided a good basis for de-consolidation.  *See Feuer v.*

*Zuckerberg*, 2021 WL 4552160 (Del. Ch. Oct. 5, 2021).  The Consolidation Order

empowered Co-Lead Counsel to speak for all plaintiffs and required them to

designate a complaint that would be the operative complaint for the consolidated

action.  Dempster never challenged these provisions, and never argued that the

operative complaint chosen by Co-Lead Counsel was inadequate because it failed

to assert a demand-refused basis for satisfying Rule 23.1.  Dempster says that he

"reasonably planned to seek de-consolidation once the [*Kanefsky* Action] was

resolved, in accordance with the Court's stay order."  (D.I. 74 at 2)  Accepting that

assertion and even assuming that delay were reasonable, it would still not excuse Dempster's failure to follow through with that plan and seek de-consolidation at some point in the three months that passed between the resolution of the *Kanefsky* Action and the filing of Defendants' Opening Brief.

The designation of an operative complaint in a consolidated action permits pre-trial proceedings to take place in an orderly and efficient manner. That salutary purpose would be entirely defeated if each plaintiff with a constituent action could sit silently and withhold any objection to the operative complaint until after the result of motion practice challenging the operative complaint became apparent. That is what Dempster attempted here. If Dempster wanted his action to be exempt from the consequences of the proceedings on Defendants' motion to dismiss the operative complaint, at a minimum he was obliged to say so in a timely fashion, before Defendants had relied on the Consolidation Order and the operative complaint in preparing their briefing on the motion to dismiss, and before Co-Lead Counsel had made clear that they would not oppose it.

Second, I will dismiss this consolidated action with prejudice. Defendants filed an opening brief in support of their motion to dismiss. Plaintiffs did not oppose the motion, but instead filed a purported notice of voluntary dismissal of this consolidated action under Rule 41(a)(1)(A). That purported notice was invalid, because Rule 41 does not permit voluntary dismissal of a derivative action

merely by notice.  Rule 41(a)(1)(A) is explicitly subject to Rule 23.1(c).  Rule

23.1(c) states that a derivative action may be dismissed only with court approval

and notice to stockholders.  Plaintiffs did not seek court approval or provide notice

to stockholders.

Plaintiffs did not oppose the motion to dismiss despite two extensions of

time.  Indeed, Plaintiffs made clear by their attempted voluntary dismissal that their

failure to oppose the motion to dismiss was conscious and deliberate.  Under these

circumstances, it is appropriate for the Court to grant the motion to dismiss without

conducting a merits analysis.  *Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577

(3d Cir. 2005).[1]  Because Plaintiffs consciously chose to waive any opposition to

the motion to dismiss and never requested (much less, established) any right to

replead, this dismissal is with prejudice.

Third, Dempster's letters to the Court (D.I. 71, 74) raise the concern that

dismissal of this action with prejudice would unfairly harm Honeywell and other

stockholders who might wish to assert the same underlying claims against the

Individual Defendants in the future.  *See, e.g., Cramer v. Gen. Tel. & Elecs. Corp.*,

582 F.2d 259, 269 (3d Cir. 1978) ("Nonparty shareholders are usually bound by a

---

[1] "When a party files an opposition brief and fails to contest an issue raised in the
opening brief, the issue is considered waived or abandoned by the non-movant."
*Prime Victor Int'l Ltd. v. Simulacra Corp.*, No. CV 23-176-MAK, 2023 WL
4546333, at *13 (D. Del. July 14, 2023).

judgment in a derivative suit on the theory that the named plaintiff represented their interests in the case. But that rationale is valid only if the representation of the shareholders' interests was adequate.")  I do not believe it would be appropriate for me to attempt an advisory opinion as to the collateral estoppel or res judicata effects of this dismissal, if any, on litigation that does not currently and might never exist.  I therefore express no opinion on those issues.

Finally, because I have finally adjudicated a private action arising under the Securities Exchange Act, the Private Securities Litigation Reform Act of 1995 (PSLRA) requires me to include in the record explicit findings as to each party's and each attorney's compliance with Federal Rule of Civil Procedure 11(b) as to any complaint, responsive pleading or dispositive motion.  *Scott v. Vantage Corp.*, 64 F.4th 462, 467 (3d Cir. 2023) (*citing* 15 U.S.C. § 78u-4(c)(1)).  The fact that this private action arising under the Securities Exchange Act is also a stockholder derivative action does not exempt it from the PSLRA, the relevant portion of which applies to "any private action arising under" the Exchange Act.[2]  The

---

[2] *See Franklin v. Doheny*, No. CV 20-53-RGA, 2022 WL 2064972, at *3 (D. Del. June 8, 2022), *report and recommendation adopted sub nom. Franklin on behalf of Sealed Air Corp. v. Doheny*, No. CV 20-53-RGA, 2022 WL 3099235 (D. Del. June 23, 2022) (applying PSLRA to Securities Exchange Act claims asserted in stockholder derivative action); *Behrmann v. Brandt*, No. CV 19-772-RGA, 2020 WL 4432536, at *19 (D. Del. July 31, 2020), *report and recommendation adopted*, No. CV 19-772-RGA, 2020 WL 5752389 (D. Del. Sept. 25, 2020) (same); *Kates on behalf of MetLife, Inc. v. Kandarian*, No. CV 19-1266-LPS-JLH, 2020 WL 4287374, at *7 (D. Del. July 27, 2020), *report and recommendation adopted,* No.

operative complaint acknowledges that "[t]he claims asserted herein arise under and pursuant to … the Securities Exchange Act" (D.I. 47 at ¶ 29), and Defendants agree that the PSLRA applies. (D.I. 61 at 10) *See also Inter-Cnty. Res., Inc. v. Med. Res., Inc.*, 49 F. Supp. 2d 682, 684 (S.D.N.Y. 1999) ("[T]here is no question that [15 U.S.C. § 78u-4(c)(1)] extends to all 10b–5 claims, and not merely to class actions.")

The PSLRA requires me to make these findings even though no party has requested them. *City of Livonia Employees' Ret. Sys. & Loc. 295/Loc. 851 v. Boeing Co.*, 711 F.3d 754, 761 (7th Cir. 2013); *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 579 F.3d 143, 152 (2d Cir. 2009); *Morris v. Wachovia Securities, Inc.,* 448 F.3d 268, 283–84 (4th Cir. 2006). As the parties have not yet provided me with any basis to make such findings, I will order them to file letters specifying and supporting such findings as they contend the Court should make in this regard. The parties need not quantify or support specific fee claims at this point. In the event I determine that sanctions are necessary or appropriate, I will request additional submissions.

---

CV 19-1266-LPS-JLH, 2020 WL 12432745 (D. Del. Sept. 8, 2020) (same); *In re Wells Fargo & Co. S'holder Derivative Litig.*, 282 F. Supp. 3d 1074, 1090 (N.D. Cal. 2017) (same); *Bono v. O'Connor*, No. CV156326FLWDEA, 2016 WL 2981475, at *6 (D.N.J. May 23, 2016) (same); *In re Brocade Commc'ns Sys., Inc. Derivative Litig.*, 615 F. Supp. 2d 1018, 1034-35 (N.D. Cal. 2009) (same); *In re Maxim Integrated Prod., Inc., Deriv. Lit.*, 574 F. Supp. 2d 1046, 1061 (N.D. Cal. 2008) (same).

NOW THERFORE, at Wilmington on this Eighth day of February in 2024, it is HEREBY ORDERED that:

1. This Consolidated Action is DISMISSED WITH PREJUDICE; and

2. The parties SHALL FILE no later than March 8, 2024 letters specifying and supporting such findings as they contend the Court should make with respect to each party's and each attorney's compliance with Federal Rule of Civil Procedure 11(b) as to any complaint, responsive pleading or dispositive motion.

_____
CHIEF JUDGE COLM F. CONNOLLY