IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Honeywell International Inc. Consolidated Stockholder Litigation | Master Docket No. 19-898-CFC |

---

## MEMORANDUM ORDER

This consolidated action comprised three stockholder derivative actions asserting claims against officers and directors of Honeywell International Inc. (Honeywell).  By Memorandum Order dated February 8, 2024, I dismissed the consolidated action with prejudice.

The consolidated action was a private action arising under the Securities Exchange Act.  My Memorandum Order finally adjudicated it.  As a result, the Private Securities Litigation Reform Act of 1995 (PSLRA) requires me to include in the record specific findings as to each party's and each attorney's compliance with Federal Rule of Civil Procedure 11(b) as to "any complaint, responsive pleading or dispositive motion."  *Scott v. Vantage Corp.*, 64 F.4th 462, 467 (3d Cir. 2023) (*citing* 15 U.S.C. § 78u-4(c)(1)).  The PSLRA requires me to make these findings even though no party requested them.  *Alcarez v. Akorn, Inc.*, 99 F.4th 368, 376 (7th Cir. 2024).

So that I would have a basis on which to make the required findings, I asked

the parties to file submissions specifying and supporting such findings as they

contend the Court should make. They did so on March 8, 2024. (D.I. 77, 78, 79)

Having reviewed these submissions and the other filings in the case, I now

conclude that each party and each attorney complied with Federal Rule of Civil

Procedure 11(b) in the necessary respects.

Under 15 U.S.C. § 78u-(c)(1), I must "include in the record specific findings

regarding compliance by each party and each attorney representing any party with

each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any

complaint, responsive pleading, or dispositive motion." Thus, although Rule 11

applies to all papers presented to the Court, the inquiry required by the PSLRA is

limited to three specific categories of filings: complaints, responsive pleadings, and

dispositive motions. (The submissions from Plaintiffs' counsel, no doubt in an

understandable abundance of caution, explain and defend their conduct in

connection with other filings, such as in seeking and obtaining stays and

extensions, and in ultimately determining not to oppose Defendants' motion to

dismiss. I do not understand the PSLRA to require me to make findings with

respect to these filings, and no one has asked me to, so I do not.)

Four complaints were filed in the case. On May 14, 2019, Steven R.

Nusbaum filed a complaint. (D.I. 2) On June 15, 2020, Nusbaum filed an

amended complaint. (D.I. 44) On June 15, 2020, Sandra Osborne filed a

complaint. *Osborne v. Adamczyk*, No. 20-807 (D. Del.), (D.I. 1).  On October 2, 2020, Donald Dempster filed a complaint.  *Dempster v. Adamczyk*, No. 20-1340 (D. Del.), (D.I. 1).

No party filed a responsive pleading.

On August 8, 2022, Defendants filed a motion to dismiss.  (D.I. 56)

In making the findings the PSLRA requires with respect to these filings, I apply the same substantive standards that I would to any other Rule 11 inquiry. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009). However, where it applies, the PSLRA makes an award of sanctions for a violation of Rule 11(b) mandatory.  15 U.S.C. § 78u-(4)(c)(2); *Scott*, 64 F.4th at 476–77. Ordinarily I would retain discretion whether or not to award sanctions for a violation of Rule 11(b).  *Id.*

Rule 11(b) provides:

> Representations to the Court.  By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

3

> (3) the factual contentions have evidentiary support
> or, if specifically so identified, will likely have
> evidentiary support after a reasonable opportunity for
> further investigation or discovery; and
> (4) the denials of factual contentions are warranted on
> the evidence or, if specifically so identified, are
> reasonably based on belief or a lack of information.

Federal Rule of Civil Procedure 11(b).  The Third Circuit has directed that "[i]n assessing compliance with Rule 11, courts 'must apply an objective standard of reasonableness,' assessing a party's or attorneys' conduct based on 'what was reasonable to believe at the time [the complaint] was submitted.'"  *Scott*, 64 F.4th at 473 (*quoting Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)).  Rule 11 is "not to be used as an automatic penalty against an attorney or a party advocating the losing side of a dispute."  *Id.* at 474 (*quoting Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir. 1987)).

Background.

On August 23, 2018, after months of non-public discussion with the Securities and Exchange Commission, Honeywell publicly disclosed that it was revising its accounting treatment for asbestos liability accruals and increasing its estimated liability by more than $1 billion.  The SEC's Division of Enforcement commenced an investigation, and on October 10, 2018, the SEC publicly disclosed correspondence in which Honeywell admitted that it had not properly applied accounting principles in estimating its liabilities.  D.I. 2 ¶¶ 113, 119.

On October 31, 2018, a purchaser of Honeywell stock filed suit in the United States District Court for the District of New Jersey alleging that Honeywell and its Chief Executive Officer and Chief Financial Officer had violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by fraudulently making materially false and misleading representations about its estimated liabilities and accounting controls. *Kanefsky v. Honeywell Int'l Inc.*, No. 18-15536 (D.N.J.) (the *Kanefsky* Action).

Plaintiffs' Complaints.

On November 27, 2018, Dempster served on Honeywell an inspection demand under Section 220 of the Delaware General Corporation Law.  Dempster subsequently obtained and reviewed documents responsive to the Section 220 demand.  On February 13, 2019, Nusbaum served an inspection demand on Honeywell under section 220.  Nusbaum later obtained and reviewed relevant documents from Honeywell.  In making their documents demands, Dempster and Nusbaum appropriately employed the "tools at hand" before filing suit, as Delaware courts have encouraged. *Brehm v. Eisner*, 746 A.2d 244, 262 n.57 (Del. 2000).

On May 14, 2019, Nusbaum filed his complaint in this Court.

On April 21, 2020, Dempster submitted a litigation demand to Honeywell's board of directors demanding that it investigate and commence proceedings against

5

certain current and former officers and directors relating to the claims asserted in the *Kanefsky* action.

On May 18, 2020, the United States District Court for the District of New Jersey denied defendants' motion to dismiss the *Kanefsky* action, holding that the plaintiff had adequately alleged material misrepresentations and that the allegations of the complaint gave rise to a strong inference of the defendants' scienter. *Kanefsky v. Honeywell Int'l Inc.*, 2020 WL 2520669, at *7 (D.N.J. May 18, 2020).

On June 8, 2020, Honeywell's board responded to Dempster's demand, stating that it had concluded that it was not in the company's best interests to undertake the requested investigation.

On June 15, 2020, Nusbaum filed an amended complaint, and Osborne filed her complaint. On October 2, 2020, Dempster filed his complaint.

Counsel for plaintiffs Nusbaum and Osborne submit that the claims and allegations in their complaints were based on publicly-available sources, filings with the SEC, the allegations in the *Kanefsky* Action and, in the case of Nusbaum, the documents obtained from Honeywell in response to the section 220 demand. They contend that their securities fraud claim was "substantially similar" to the claim ultimately sustained in the *Kanefsky* Action and that pendent state law fiduciary duty claims predicated on violations of the federal securities laws have sometimes been sustained. (D.I. 78) Counsel for plaintiff Dempster similarly

conducted a pre-filing factual investigation that included Honeywell's public filings, the filings in the *Kanefsky* Action, and the documents obtained from Honeywell in response to the section 220 demand.  (D.I. 79)

Defendants say they are unable to take a position on Plaintiffs' compliance with Rule 11 because they lack "insight into Plaintiffs' strategy or the nature and scope of the inquiry in which Plaintiffs and their counsel engaged before filing their [complaints]."  (D.I. 77)  To be sure, some evidence of a violation of Rule 11 might be hidden within the mind of the filer (such as the possession of an "improper purpose," perhaps), but other evidence of a violation of Rule 11 is observable, and as set forth above, the standard to be applied is objective.  I infer from their submission that Defendants do not have evidence that Plaintiffs violated Rule 11 in any way they could observe, such as by making frivolous legal arguments or unsupportable factual allegations.

I find as follows with respect to the Complaints:

With respect to Rule 11(b)(1), there is no evidence that any of the Complaints were presented for an improper purpose.  For better or worse, derivative complaints like these are almost always filed as companions to federal securities fraud complaints, and almost always little activity follows.  Sometimes they can lead to a benefit for the corporation, usually by way of settlement. Undoubtedly the Plaintiffs here hoped they would have an opportunity to

participate in a global litigation settlement driven by a resolution of the *Kanefsky* case and that they would never have to defend the sufficiency of their pleadings. But a litigant's or counsel's hope to achieve a settlement without having to do much work is not, by itself, an improper purpose within the meaning of Rule 11. *Scott*, 64 F.4th at 472.

With respect to Rule 11(b)(2), the Complaints were certainly facially weak in several critical aspects. The Plaintiffs' submissions rely heavily on the fact that each of their complaints repeated the allegations found sufficient to state a federal securities fraud claim on behalf of a class of purchasers in *Kanefsky*. That is good as far as it goes, but by themselves those allegations would not have been sufficient to state a securities fraud claim derivatively on behalf of Honeywell. The existence or non-existence of an adequately pleaded federal securities claim was of particular importance here because in all four complaints it was the only pleaded basis for this Court's jurisdiction.

To state a securities fraud claim derivatively on behalf of Honeywell, it was not enough to allege that Honeywell might suffer harm indirectly because it would be liable to investors it had defrauded. Such a claim would have required allegations supporting a reasonable inference that Honeywell itself had engaged in securities transactions to its detriment in reliance on its own fraudulent misstatements. *In re Maxim Integrated Prods., Inc., Deriv. Litig.*, 574 F. Supp. 2d

1046, 1064 (N.D. Cal. 2008). As Defendants here argued in the opening brief in support of their motion to dismiss Nusbaum's amended complaint, "[a] derivative Section 10(b) action requires pleading that the *company* was defrauded in connection with the *company's* purchase or sale of securities." D.I. 57 at 8 (emphasis in the original) (citing *Cramer v. Gen. Tel. & Elecs. Corp.,* 582 F.2d 259, 270 (3d Cir. 1978)). Unhelpfully, the plaintiffs' submissions do not address these necessary elements of their derivative securities claims, even though they were a principal focus of Defendants' motion to dismiss.

Of the four complaints involved here, only Osborne's clearly alleged that Honeywell had engaged in a securities transaction to its detriment. Osborne alleged that the fraud caused Honeywell to repurchase its own shares at inflated prices. No. 20-807, D.I. 1 ¶ 19; *see also* ¶ 190. The other three complaints were not explicit, but each one alleged that Honeywell had been damaged by "costs incurred from compensation and benefits paid to" defendants (No. 19-898, D.I. 2 ¶ 141(d), D.I. 44 ¶ 141(d); No. 20-1340, D.I. 1 ¶ 118(f)), and elsewhere alleged that that compensation included stock awards (e.g., No. 19-898, D.I. 44 ¶ 40; No. 20-1340, D.I. 1 ¶ 15). I express no opinion on whether these allegations would have been sufficient to survive a motion to dismiss, but they are sufficient for me to find that the claim was not frivolous. *See In re Finisar Corp. Deriv. Litig.*, 2012 WL 2873844, at *16–17 (N.D. Cal. July 12, 2012) (holding that allegations that

9

corporation relied on misrepresentations in making stock option grants were sufficient to allege causation).

As to the element of reliance, Defendants' opening brief identified recent decisions of this Court dismissing derivative federal securities fraud claims for failure to allege facts supporting an inference that the corporation relied on its own false statements. *See Franklin v. Doheny*, No. 20-53, 2022 WL 2064972, at *2 (D. Del. June 8, 2022) (dismissing derivative § 10(b) claim because plaintiff's "pleaded theory—that the defendant directors spread misleading information and then the same directors relied on and were deceived by that false information . . .— is factually impossible and cannot lead to any relief under § 10(b)"), *report and recommendation adopted* 2022 WL 3099235 (June 23, 2022); *Elfers ex rel. AbbVie, Inc. v. Gonzalez*, No. 20-213, 2020 WL 7264272, at *3 (D. Del. Dec. 10, 2020) (dismissing derivative § 10(b) claim because corporation's directors "could not have both lied about the wrongdoing and yet been tricked by those lies"). But those decisions post-date the filing of the complaints here.

On the critical question raised by the demand-futility complaints (filed by Nusbaum and Osborne)—that is, whether at least half of the directors faced a substantial likelihood of liability or lacked independence from someone who did, considered on a claim-by-claim basis—the Plaintiffs faced an uphill battle. Their allegations seeking to create a reasonable inference that members of Honeywell's

10

Audit Committee consciously failed to oversee the company's accounting controls are thin. It is unlikely that I would have concluded that Dempster's complaint adequately alleged that Honeywell's board of directors wrongfully refused his demand. Nevertheless, I do not find that any of these claims were frivolous. They suffer from common pleading weaknesses that typically result in dismissals, but not in sanctions.

With respect to Rule 11(b)(3), I see no evidence that any of Plaintiffs' specific allegations of fact lacked at least a reasonable prospect of evidentiary support. The specific allegations of fact in the Complaints were all taken from public filings, publicly disclosed correspondence, or books and records obtained from Honeywell. Defendants did not contend that any of the specific allegations of fact misquoted or mischaracterized the documents they purported to quote.

Rule 11(b)(4) does not apply to complaints.

Accordingly, I find that Plaintiffs and their counsel complied with Rule 11(b) as to each of their complaints.

<u>Defendants' Motion to Dismiss.</u>

On August 8, 2022, Defendants filed a dispositive motion, moving to dismiss the operative complaint (Nusbaum's amended complaint) and filed an opening brief in support of their motion. (D.I. 55, 56, 57, 58) After Plaintiffs filed a purported notice of voluntary dismissal, on November 4, 2022, Defendants filed

a reply brief arguing that their motion to dismiss should be considered unopposed and the consolidated action should be dismissed with prejudice. (D.I. 69)

Defendants' dispositive motion papers took the operative complaint seriously, addressed its allegations accurately, and presented facially strong arguments for its dismissal, supported by substantial authority. Plaintiffs decided not to oppose the dispositive motion, and do not contend or offer any evidence suggesting that its filing violated Rule 11(b) in any way. I find that Defendants and their counsel complied with Rule 11(b) as to their dispositive motion.

7.19.24
Date

COLM F. CONNOLLY
CHIEF JUDGE

12